NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000690
31-JAN-2017
08:01 AM

NO. CAAP-15-0000690

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JEFFREY MICHAEL MCKEE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-0132)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Jeffrey Michael McKee (**McKee**) appeals from the Judgment of Conviction and Sentence, filed on August 26, 2015, in the Circuit Court of the First Circuit (**circuit court**).[1]

McKee contends that the circuit court erred when it denied his Motion to Withdraw Plea because: (1) McKee's no contest plea was not entered knowingly, intelligently, or voluntarily; and (2) McKee's credible testimony established that changes in circumstance and new information justified the withdrawal of the no contest plea.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we

---

[1]  The Honorable Dexter Del Rosario presided.

resolve McKee's points of errors as follows and we vacate and remand.

Plaintiff-Appellee State of Hawai'i (**State**) charged McKee with Count I: Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014); and Count II: Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (2010).

At a hearing on March 5, 2014, McKee changed his plea to no contest and the circuit court conducted an on-the-record colloquy with McKee regarding his change of plea. Throughout the colloquy, the circuit court referenced a change of plea form that McKee apparently signed before the hearing and after the colloquy, however, the change of plea form is not in the record and does not appear to have ever been filed with the circuit court.

After several subsequent motions and hearings, on April 8, 2015, McKee filed the Motion to Withdraw Plea.

At a hearing on August 26, 2015, the circuit court reviewed the transcripts of the March 5, 2014 change of plea hearing but did not reference the change of plea form, and it is unclear if the circuit court had the plea form at that time because it was never filed. The circuit court orally denied McKee's Motion to Withdraw Plea. On August 26, 2015, the circuit court filed the Judgment of Conviction and Sentence convicting McKee of Count I: Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243 and Count II: Unlawful Use of Drug Paraphernalia in violation of HRS § 329-43.5(a). McKee was sentenced to incarceration for five (5) years as to Counts I and II, sentence to be served concurrently, and a mandatory minimum of one (1) year and eight (8) months.

On September 24, 2015, McKee timely filed a Notice of Appeal from the Judgment of Conviction and Sentence.

With regard to McKee's first point of error, that the circuit court erred when it denied his Motion to Withdraw Plea because it was not entered knowingly, intelligently, or

2

voluntarily, the State concedes that the record does not contain the change of plea form and that "[w]ithout the [change of plea] form, the colloquy appears inadequate for an appellate court to sustain the denial of the motion to withdraw plea.". We agree.

When a motion to withdraw a plea is filed prior to the imposition of a sentence, as in this case, a "liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the State has not relied upon the guilty plea to its substantial prejudice." State v. Krstoth, 138 Hawai'i 268, 274, 378 P.3d 984, 990 (2016) (citation omitted). Further, there are "two fundamental bases of demonstrating 'fair and just reasons' for granting withdrawal of plea: (1) the defendant did not knowingly, intelligently or voluntarily waive his or her rights; or (2) changed circumstances or new information justify withdrawal of the plea." Id. (quoting State v. Gomes, 79 Hawai'i 32, 37, 897 P.2d 959, 964 (1995)).

McKee contends that at the change of plea hearing held on March 5, 2014, his no contest plea was not entered knowingly, intelligently, or voluntarily, because the circuit court: failed to comply with HRPP Rule 11(c)(1)-(3); and also failed to ensure that McKee understood the nature of the rights he was waiving by pleading no contest.

> HRPP Rule 11(c)(1)-(3) provides:
>
> The court shall not accept a plea of guilty or no contest without first addressing the defendant personally in open court and determining that the defendant understands the following:
> (1) the nature of the charge to which the plea is offered; and
> (2) the maximum penalty provided by law, and the maximum sentence of extended term of imprisonment, which may be imposed for the offense to which the plea is offered; and
> (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made[.]

In State v. Cornelio, 68 Haw. 644, 727 P.2d 1125 (1986), the supreme court stated,

> [t]his court has stressed that it is incumbent on all trial judges to strictly conform to the guidelines provided in HRPP Rule 11. This does not mean that trial judges must

3

> resort to a ritualistic litany in determining the
> voluntariness of a nolo contendre plea. However, we cannot
> emphasize enough that all procedural components of HRPP Rule
> 11 should actually be complied with by trial judges.

Id. at 646, 727 P.2d at 1127.

Regarding HRPP Rule 11(c)(1) (nature of the charge), although the record does not contain the change of plea form, which the circuit court referenced during its colloquy with McKee, the circuit court properly established that McKee understood the nature of the charges against him. The circuit court informed McKee of the charges against him: Promoting a Dangerous Drug in the Third Degree and Possession of Drug Paraphernalia. The circuit court also specifically asked McKee if he understood the charges against him, thereby strictly conforming with HRPP Rule 11(c)(1), and McKee answered that he did. The circuit court also had the State give a brief description of what the evidence would show, namely that McKee was stopped on suspicion of having stolen a bicycle and during the stop, drugs and drug paraphernalia were discovered in McKee's backpack. McKee thereafter plead no contest.

Regarding HRPP Rule 11(c)(2) (extended term of imprisonment), and (c)(3) (right to persist in a plea of not guilty), the circuit court did not specifically address the possibility of an extended term sentence or question whether McKee understood that he had a right to persist in his plea of not guilty. Thus, the circuit court did not strictly conform with the guidelines of HRPP Rule 11 in this regard. This was harmless with regard to an extended term of imprisonment because the State did not request an extended term and McKee was not sentenced to an extended term. See Cornelio, 68 Haw. at 646, 727 P.2d at 1127 ("[T]he failure to advise [the defendant] of the maximum extended sentence was harmless error because the court did not impose one."). However, the circuit court erred when it did not inform McKee, during the colloquy, that he had a right to plead not guilty, or to persist in that plea if it had already been made.

Most significantly, however, we hold that the circuit court erred in denying McKee's Motion to Withdraw Plea because the record does not reflect that McKee was properly informed that he was giving up certain rights by entering the no contest plea.

In State v. Solomon, 107 Hawai'i 117, 111 P.3d 12 (2005), the supreme court expressed that

> [i]t is well-recognized that a guilty plea "in itself is a conviction and a simultaneous waiver of several important constitutional guarantees," namely, the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers, and, thus, the waiver of these guarantees "is not constitutionally acceptable unless made voluntarily and with full understanding of the consequences."

Id. at 127, 111 P.3d at 22 (citation and brackets omitted). Further, "[i]n determining the voluntariness of a defendant's proffered guilty plea, the trial court 'should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences.'" Id. (citation omitted). The supreme court, in Solomon, concluded:

> Although the family court conducted an on-the-record colloquy with Solomon prior to accepting his plea and advised him that "you have the right to go to trial in this case, and by pleading guilty you give up *certain rights* you'd have if you went to trial," (emphasis added), the family court did not explain the specific rights Solomon would "give up" by pleading guilty. Specifically, the family court did not ascertain whether Solomon understood that by pleading guilty, he was waiving his privilege against self-incrimination, the right to a trial by jury, and the right to confront his accuser.

Id. at 128, 111 P.3d at 23 (brackets omitted).

In this case, the portion of the colloquy between the circuit court and McKee addressing the rights that McKee would be "giving up" by pleading no contest was as follows:

> THE COURT: Okay. You understand you have the right to a trial, no matter how strong the evidence?
> THE DEFENDANT: Yeah, I understand.
> THE COURT: And you understand that in a trial you would have <u>certain rights, that are stated on this form that you signed</u>?
> THE DEFENDANT: Yes.
> THE COURT: And did you go over all these rights

with your lawyer?
            THE DEFENDANT: Yes, I did.
            THE COURT: Do you have any questions about any
of these rights?
            THE DEFENDANT: No, I do not.
            THE COURT: Now, you understand that by pleading
no contest today there will be no trial, and you're giving
up all of these rights?
            THE DEFENDANT: Yeah. I understand.

(Emphasis added.)

Here, the circuit court referred to information set forth in the change of plea form to inform McKee that he was giving up certain rights by pleading no contest. Although it appears that McKee was aware of and understood he was giving up certain rights that were set out in the change of plea form, it is unclear to us what rights were addressed on that form because the form is not in the record.[2] Based on this record, we cannot ascertain whether McKee understood that by pleading no contest, he was waiving constitutional rights such as his privilege against self-incrimination, the right to a trial by jury, and the right to confront his accuser. We further note that it appears the change of plea form was not considered or referenced by the circuit court when it denied McKee's motion to withdraw his no contest plea.

Thus, the record before us does not establish that McKee knowingly, intelligently, and voluntarily entered into his plea of no contest. Solomon, 107 Hawai'i at 127, 111 P.3d at 22. On this record, we agree with the State that we cannot affirm the circuit court's denial of McKee's motion to withdraw his no contest plea.

In light of the above, we need not reach McKee's other point of error challenging the circuit court's determination that McKee did not provide credible evidence demonstrating changed

---

[2]     It appears the change of plea form was never filed. Further, according to the State, the circuit court's criminal file does not contain an original or copy of the change of plea form and it is unlikely that McKee's form can be recreated.

6

circumstances or new information to justify withdrawal of his no contest plea.

Therefore, the Judgment of Conviction and Sentence, filed on August 26, 2015, in the Circuit Court of the First Circuit, is vacated.  This case is remanded to the circuit court for further proceedings consistent with this decision.

DATED:  Honolulu, Hawai'i, January 31, 2017.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge